```
Charles M. Walker
U.S. Bankruptcy Judge
       Dated: 8/14/2017
```



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: WILLIE HUGHES<br>    300 BERKLEY DR APT #R-9<br>    MADISON, TN 37115<br>        Debtor<br><br>    SSN: xxx-xx-2229 | CASE NO. 3:16-bk-02521<br>CHAPTER 13<br>JUDGE WALKER |

### AGREED ORDER GRANTING MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK/INSOLVE AUTO FUNDING PURSUANT TO § 1322(b)(5) AND MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIMS OF INLAND BANK/INSOLVE AUTO FUNDING AS A LONG-TERM CLAIM PURSUANT TO § 1322(b)(5)

It appearing to the Court on August 9, 2017, at hearing on the Debtor's Motion to Modify the Debtor's plan to provide for claim of Inland Bank/InSolve Auto Funding pursuant to 1322(b)(5) (Docket #31) and Motion to Modify Chapter 13 Plan to Provide for Claim of Inland Bank/Insolve Funding as a Long-Term Claim (Docket #32) in the above referenced case is granted and by agreement between Debtor and the Chapter 13 Trustee, as evidenced by the signatures of Counsel for the Debtor, Mark Podis, and the Trustee, Henry Hildebrand entered below, respectively, and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** by the Bankruptcy Court as follows:

The Debtor shall be allowed to modify his plan as follows:

1. Debtor 's 2014 Hyundai Sonata, VIN# 5NPEB4AC7EH909895 with Inland Bank/InSolve Auto Funding included in Debtor's confirmed plan was totaled in an automobile accident and insurance funds were applied to the account, leaving a deficiency balance of $1,121.82.

2. Said deficiency will be paid through Debtor's plan with 22% interest at $37.00 a month.

3. The Debtor purchased a 2016 Hyundai Sonata, VIN# 5NPE24AF9GH365476 ("motor vehicle") with permission of the Court (Docket #28).

4. The Debtor shall be permitted to modify his Chapter 13 plan to provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per 11 U.S.C. § 1322(b)(5).

5. The amount to be financed through Inland Bank/InSolve Auto Funding is $14,483.00 at a rate of 22%, to be paid by the Trustee with an ongoing monthly payment of $400.29 (Docket #32).

6. Inland Bank/InSolve Auto Funding shall be paid as a Class 3 creditor upon the filing of an approved Proof of Claim.

7. The Debtor shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.

8. The Debtor shall waive discharge of this post-petition debt to Inland Bank/InSolve Auto Funding. The monthly payments to Inland Bank/InSolve Auto Funding shall be disbursed with all other Class 3 claims.

9. Inland Bank/InSolve Auto Funding's claim for post-petition financing shall be a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge.

10. This claim of Inland Bank/InSolve Auto Funding shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.

11. The Debtor's obligation to Inland Bank/InSolve Auto Funding is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtors and Inland Bank/InSolve Auto Funding.

12. Should the Debtors default on the plan payments or insurance, Inland Bank/InSolve Auto Funding shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank/InSolve Auto Funding may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

13. The Debtors' plan payment shall increase to $141.50 weekly.

14. The dividend to general unsecured creditors shall remain at 20% as confirmed.

15. The new base shall be $36,973.

16. No other terms of the confirmation order shall be affected by this modification.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED
AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:

/s/ Mark R. Podis

---

Mark R. Podis #012216
Attorney for Debtors
1161 Murfreesboro Rd Ste 300
Nashville TN 37217
Phone (615) 399-3800
Facsimile (615) 399-9794
Email PodisBankruptcy@aol.com

/s/ Henry E. Hildebrand, III

Digitally signed by /s/ Henry E. Hildebrand, III
DN: cn=/s/ Henry E. Hildebrand, III, c=US, o=chapter 13 trustee, ou=finance(51), email=pleadings@ch13nsh.com
Date: 2017.08.11 11:13:24 -05'00'

Henry E. Hildebrand III
Chapter 13 Trustee
Po Box 340019
Nashville, TN 37203-0019
Phone (615) 244-1101
Facsimile (615) 242-3401
Email AOECF@CH13.NSH.COM

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:16-bk-02521    Doc 36    Filed 08/14/17    Entered 08/14/17 11:07:35    Desc Main
Document      Page 4 of 4